I concur in the majority's opinion as to Issues I and II and concur in the result as to Issue III.
Rule 14, A.R.Crim.P.Temp., provides in pertinent part:
 "No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. . . ." (Emphasis added.) *Page 480 
It is obvious that the requirement that the defendant object before the jury retires is addressed to more than merely the court's refusal to give a written requested charge. In this case, the trial judge indicated that although he was refusing to give the requested charge he would instruct the jury on the necessity of a unanimous verdict in his oral charge. His subsequent failure to do so comes within the "incomplete or otherwise improper oral charge" language of Rule 14.
Ordinarily, under Rule 14, the burden is on the defendant to apprise the trial judge of his objections to the oral charge, stating his grounds, before the jury retires. This applies whether the defendant is objecting to the court's refusal to give a written requested charge or is objecting to some portion of the actual charge given, that is, that the charge was "erroneous, misleading, incomplete, or otherwise improper." The mere fact that the judge indicates that he will cover a refused requested charge in his oral charge does not, in the usual case, relieve the defendant of his burden of objecting under Rule 14, because the judge may well give that charge in an "erroneous, misleading, incomplete, or otherwise improper" manner. To state the obvious, the defendant must listen to the oral charge and object to its deficiencies afterwards.
In the present case, however, the refused and later omitted charge concerned the necessity of a unanimous verdict. The mandate of a unanimous verdict in a criminal case is so fundamental in our system of jury trials that no objection should be required under Rule 14 to the failure to give this charge. For this reason, I concur in the majority's holding that this case be reversed and remanded.